*CR# 05-1615-CBS*

## AFFIDAVIT OF SPECIAL AGENT DEREK M. DUNN

I, Derek M. Dunn, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with United States Immigration and Customs Enforcement ("ICE"), and have been so employed since April 2003. Prior to becoming a Special Agent with ICE, I worked with the United States Customs Service as a Regulatory Auditor for seven years and nine months. I am currently assigned to the New England High Intensity Drug Trafficking Area Financial Task Force. Since April 2003, I have conducted and assisted in several money laundering and drug trafficking investigations. I have received specific training regarding these crimes during my tenure as a Special Agent.

2. I am submitting this affidavit in support of a criminal complaint charging Luis Gilberto Guaman Guaman ("Guaman"), with using, attempting to use, possessing, obtaining, accepting, or receiving a visa, knowing it to be forged, counterfeited, or otherwise procured by fraud or unlawfully obtained, in violation of 18 U.S.C. § 1546(a). For the reasons set forth hereinafter, I submit there is probable cause to believe Guaman has committed the said violations in the District of Massachusetts.

3. I have included in this affidavit only those facts that I believe establish the requisite probable cause for the issuance of the requested complaint. These facts are either personally known to me, or have been related to me by other federal, state, or local law enforcement officers or employees. The information contained in the Affidavit is submitted for the sole purpose of supplying probable cause for the issuance of the requested complaint. Accordingly, this Affidavit does not contain all of the information known to me regarding this criminal investigation.

## FACTS AND CIRCUMSTANCES

4.   In the fall of 2004, a previously-reliable cooperating witness (CW), met with Amaro Millan in Multiservices Tuyas, 88 West Elm Street, Brockton, Massachusetts, in connection with an ongoing ICE investigation of Millan for money laundering.  Multiservices Tuyas is a money remitting business licensed to operate in the state of Massachusetts.  The company also operates as a travel agency, and engages in the sales of phone cards, pagers and money orders.  Millan told the CW that he needed assistance in obtaining fraudulent driver's licenses.  Based on prior conversations, the CW understood this to refer to licenses for workers of Millan's who were illegal aliens.

5.   In October 2004, the CW introduced Millan to an undercover agent (UCA), in response to Millan's request for as a person who could provide driver's licenses.  The UCA indicated that the UCA could provide a visa, which could be taken to the registry of motor vehicles to obtain an authentic driver's license.  The UCA explained that the visa would be placed in the individual's  authentic passport in order to allow the person to obtain a driver's license at the RMV.  Millan asked about the price, and the UCA informed Millan that the price would be $2,500 for each visa.

6.   On November 17, 2004, the CW met with Amaro Millan at Millan's business.  Law enforcement agents provided the CW with a digital recording device and a transmitting device prior to the meeting, and the meeting was consensually recorded and monitored.  During this meeting, Millan provided the CW with the passport and a corresponding deposit of USD $1,500 left by an illegal alien named Luis Gilberto Guaman Guaman.  After the meeting, the CW provided this passport and funds to law enforcement agents.  Millan told the CW he had to call Guaman with the expected delivery date.  The CW responded that it would be early the

2

following week.  Millan then called Guaman with this information and asked him to bring the balance.

7.  On November 22, 2004, the CW met with Millan in a consensually recorded meeting. During this meeting, the CW delivered Guaman's passport containing a fraudulent work visa to Millan.  The CW explained to Millan he would have to fill out the white card (I-94 Form) with his personal information.  This card reflected the date he entered the country and the expiration date of the visa.

8.  After this meeting, law enforcement agents conducted surveillance on Millan's business.  Agents observed Guaman enter, then exit, the business.  Agents also observed Guaman looking at a visa in a passport while driving his vehicle.  Agents observed Guaman travel to an automobile insurance agency before going to the RMV.  At the RMV, Guaman requested the registration information on his vehicle be changed to his full name:  Luis Gilberto Guaman Guaman.  He attempted to present the passport as identification but was told it was not necessary.

9.  On November 23, 2004, the CW placed a consensually recorded telephone call to Millan.  During the conversation, Millan stated that Guaman had already stopped by.  The CW asked Millan if Guaman had left "money for the raffle," referring to the balance owed for the visa.  Millan responded yes.  The CW asked if Guaman was going to try to take the exam (referring to the driving exam).  Millan said no, he would wait to go with the CW.

10. On December 1, 2004, the CW met with Millan at Millan's business.  During this consensually recorded meeting, Millan gave the CW the balance of the money owed by Guaman. After this meeting, the CW provided law enforcement agents with these funds.

11. On December 2, 2004, the CW placed a consensually recorded telephone call to Millan.  During the conversation, Millan told the CW that Guaman called and inquired about the

JS 45 (5/97) (Revised USAO MA 6/29/04)

Criminal Case Cover Sheet                                    U.S. District Court - District of Massachusetts

Place of Offense: __Suffolk__          Category No. __II__          Investigating Agency __ICE/___IRS__

City __Boston__                    Related Case Information:

County __Suffolk__                 Superseding Ind./ Inf. _____    Case No. _____
                                   Same Defendant _____    New          x _____
                                   Magistrate Judge Case Number _____
                                   Search Warrant Case _____
                                   R 20/R 40 from District of _____

Defendant Information:

Defendant     __Luis Gilberto Guaman Guaman__          Juvenile    ☐ Yes    ☒ No

Alias Name    _____

Address    _____

Birth date (Year only): _____  SSN (last 4 #): _____  Sex _M_  Race: __Hispanic__  Nationality __Ecuadorian__

Defense Counsel if known: _____          Address: _____
                                                      _____

Bar Number: _____

U.S. Attorney Information:

AUSA __Nancy Rue__                    Bar Number if applicable _____

Interpreter:    ☒ Yes  ☐ No          List language and/or dialect:    __Spanish__

Matter to be SEALED:    ☒ Yes    ☐ No

      ☒ Warrant Requested          ☐ Regular Process          ☐ In Custody

Location Status:

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:    Ordered by _____ on _____

Charging Document:    ☒ Complaint          ☐ Information          ☐ Indictment

Total # of Counts:    ☐ Petty _____    ☐ Misdemeanor _____    ☐ Felony _____

**Continue on Page 2 for Entry of U.S.C. Citations**

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
      accurately set forth above.

Date: __1/13/05__          Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant    Luis Gilberto Guaman Guaman _____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 1546(a) | obtaining false visa | |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: